COURT OF APPEALS
DECISION
DATED AND FILED

August 2, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP120-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF4585

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

BRANDON S. GRADY,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: T. CHRISTOPHER DEE, Judge. *Reversed and cause remanded with directions*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Brandon S. Grady appeals a judgment of conviction for possession of a firearm by a felon contrary to WIS. STAT. § 941.29(1m)(a) (2019-20).[1] Grady also appeals the trial court's denial of his postconviction motion requesting sentence modification or resentencing on the grounds that the five-year mandatory minimum found in WIS. STAT. § 973.123 was erroneously applied to his case.[2] The State agrees that the trial court erred in applying the five-year mandatory minimum found in § 973.123, but argues that the three-year mandatory minimum found in § 941.29(4m) did apply. For the reasons set forth below, we agree that the trial court erred in applying the five-year mandatory minimum found in § 973.123, and we conclude that the three-year mandatory minimum found in § 941.29(4m) did apply.[3] Accordingly, we reverse, and we remand this matter for further proceedings consistent with this opinion.[4]

## BACKGROUND

¶2 Grady was charged on September 27, 2018, in count one of attempted first-degree intentional homicide with use of a dangerous weapon and in

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Grady requested both sentence modification and resentencing; however, he failed to develop the argument that he is entitled to sentence modification. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Thus, we address only whether Grady is entitled to resentencing based on an incorrect application of WIS. STAT. § 971.123 to his case.

[3] We note that Grady did not address the issue of whether the three-year mandatory minimum found in WIS. STAT. § 941.29(4m) applied at the time of sentencing and did not file a reply brief, and therefore, does not refute the State's argument.

[4] While this appeal was pending, Grady's counsel moved to withdraw, and the appeal was put on hold by order of this court while Grady waited the appointment of counsel. New counsel for Grady was appointed on July 25, 2022, and by order dated July 26, 2022, the hold on Grady's appeal was lifted.

count two of possession of a firearm by a felon. The case proceeded to a jury trial that took place in July 2019. The jury found Grady not guilty on count one and guilty on count two.[5]

¶3 At the sentencing hearing on September 5, 2019, the State argued that the mandatory minimum found in WIS. STAT. § 973.123 applied because Grady was previously convicted of a violent felony. Trial counsel did not dispute that Grady had a prior conviction for a violent felony, but he did dispute the application of § 973.123 to Grady's case.[6] The trial court agreed with the State and applied the five-year mandatory minimum found in § 973.123. In explaining its reasons for Grady's sentence, the trial court stated, "I have, you know, as a judge, I can order a lot of things, but there are some things I can't change, and there are rules that I have to follow. And you know, the five years of initial confinement, I have to follow. I have no choice." Grady was subsequently sentenced to five years of initial confinement and two years of extended supervision.

¶4 On August 24, 2020, Grady filed a motion requesting sentence modification or resentencing. In his motion, Grady argued that the trial court erroneously applied the five-year mandatory minimum found in WIS. STAT. § 973.123 to his case. The trial court disagreed and denied Grady's motion. Grady now appeals.

---

[5] The jury also found Grady not guilty of two charges of witness intimidation that had been added over the course of the proceedings.

[6] Grady argued that the five-year mandatory minimum provision did not apply because the present conviction for possession of a firearm was insufficient to trigger the mandatory minimum provision under WIS. STAT. § 973.123.

**DISCUSSION**

¶5    On appeal, Grady renews his argument that the trial court erroneously applied the mandatory minimum found in WIS. STAT. § 973.123 to his case and asks this court to "vacate the sentence imposed and remand the case for resentencing." In this regard, he contends that the application of § 973.123 to his case violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the jury found him not guilty of count one and never found that he used a firearm. He also contends that the trial court erroneously equated "possession" of a firearm with "use" of a firearm for purposes of § 973.123(2)(b), and that the application of § 973.123 requires the existence of a predicate offense, which was missing in his case as a result of the jury's not guilty verdict on count one.[7]

¶6    The State agrees that the trial court erroneously applied WIS. STAT. § 973.123 to Grady's case.[8]    However, the State argues that WIS. STAT. § 941.29(4m), which provides a three-year mandatory minimum, applied to a situation such as Grady's. Thus, the State argues that we should vacate Grady's sentence and remand this matter for resentencing to apply the mandatory minimum found in § 941.29(4m).

¶7    We conclude that, at the time of sentencing, the plain language of § 941.29(4m) provided the mandatory minimum sentence applicable to Grady's

---

[7] As a result of our conclusion, we do not address Grady's arguments further. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989).

[8] Although the State opposed Grady's motion below and argued that WIS. STAT. § 973.123 was appropriately applied to Grady's sentence, on appeal the State abandoned that argument and agrees that the trial court erred in applying the five-year mandatory minimum provision of § 973.123.

sole conviction for possession of a firearm under § 941.29(1m), when the additional requirements of § 941.29(4m) were met. Consequently, we conclude that Grady is entitled to resentencing.

## I.  Principles of Statutory Interpretation

¶8     Statutory interpretation presents a question of law that we review *de novo*. **DOR v. River City Refuse Removal, Inc.**, 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396.  "[S]tatutory interpretation 'begins with the language of the statute.  If the meaning of the statute is plain, we ordinarily stop the inquiry.'" **State ex rel. Kalal v. Circuit Ct. for Dane Cnty.**, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted).

¶9     We give statutory language "its common ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.*  In addition, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. "Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." *Id.*  "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *Id.*, ¶44.

## II.  Interpretation of WIS. STAT. §§ 941.29(4m) and 973.123

¶10    This case involves the trial court's application of the five-year mandatory minimum found in WIS. STAT. § 973.123 to Grady's case.  Section

973.123, entitled, "Sentence for certain violent offenses; use of a firearm," in relevant part provides:

> (2) A court shall impose a bifurcated sentence under s. 973.01 if the court sentences a person for committing a violent felony and the court finds that all of the following are true:
>
> (a) At the time the person committed the violent felony, he or she was subject to s. 941.29 because he or she was convicted of, adjudicated delinquent for, or found not guilty of by reason of mental disease or defect, committing, soliciting, conspiring, or attempting to commit a prior violent felony.
>
> (b) The person used a firearm in the commission of the violent felony for which the court is imposing the sentence.
>
> (3) The confinement portion of a bifurcated sentence imposed pursuant to sub. (2) shall be:
>
> (a) Not less than 5 years if the violent felony is a Class A, Class B, Class C, Class D, Class E, Class F, or Class G felony.

¶11 Grady was tried and convicted of possession of a firearm contrary to WIS. STAT. § 941.29(1m)(a). This statute makes it a Class G felony for a person to possess a firearm if that person has been convicted of a felony in this state. *Id.* Section 941.29(4m) further provides:

> (a) If a person commits a violation of sub. (1m), the court shall impose a bifurcated sentence under s. 973.01 and the confinement portion of the bifurcated sentence imposed on the person shall be not less than 3 years if all of the following are true:
>
> 1. The person is subject to this section because he or she was convicted of, adjudicated delinquent for, or found not guilty of by reason of mental disease or defect, committing, soliciting, conspiring, or attempting to commit a violent felony.

6

2. Any of the following applies:

a. The person committed the current offense within 5 years after completing his or her sentence, including any parole or extended supervision, or after completing a period of probation imposed for a prior felony or violent misdemeanor.

b. The person committed the current offense while on probation, parole, extended supervision, or conditional release for the commission of a prior felony or violent misdemeanor.

c. The person committed the current offense within 5 years after being discharged from commitment under ch. 971 for the commission of a prior felony or violent misdemeanor.

(b) This subsection does not apply to sentences imposed after July 1, 2020.

¶12 There is no dispute that Grady has a prior conviction from December 2009 for pointing a weapon at a law enforcement officer, that the prior conviction qualifies as a violent felony, and that he was sentenced in this case prior to July 1, 2020. The parties also stipulated at trial that Grady had been convicted of a felony offense that prohibited him from possessing a firearm. The issue here arises with the application of WIS. STAT. § 973.123 to Grady's sole conviction for possession of a firearm contrary to WIS. STAT. § 941.29(1m)(a), specifically when it is undisputed that he also met the requirements of § 941.29(4m).

¶13 Under the plain language of WIS. STAT. § 941.29(4m), the trial court *shall* impose a bifurcated sentence under WIS. STAT. § 973.01, if a person is convicted of a violation of § 941.29(1m) and meets the additional requirements of 1. and 2. The plain language of § 941.29(4m) also states that this sentence *shall* not be less than *three* years.

¶14    Grady was convicted of a violent felony in December 2009 and then was convicted of possessing a firearm under WIS. STAT. § 941.29(1m) within five years of completing his sentence. Grady was also sentenced prior to July 1, 2020. Therefore, Grady satisfied all the requirements for the application of § 941.29(4m) to his case. As the State asserts, § 941.29(4m) "applies to qualifying convictions for felon in possession of a firearm" and "Grady's conviction meets the requirements of this shorter mandatory minimum." Thus, with no other convictions beyond his conviction for possession of a firearm and satisfaction of the requirements found in § 941.29(4m), we need look no further than the plain language of § 941.29(4m) to determine the mandatory minimum that was applicable here, which was three years at the time of sentencing.

¶15    Moreover, as the State notes, WIS. STAT. § 973.123, on its face, can apply to Grady's situation. However, its application to Grady's case only survives if WIS. STAT. § 941.29(4m) is ignored. This we cannot do because § 941.29(4m) would be rendered superfluous and mere surplusage. *See **Kalal***, 271 Wis. 2d 633, ¶46. Instead, reading these two statutes together to avoid absurd results and provide meaning to both, we must look to the plain language of § 941.29(4m) and apply it to Grady's case. *See **Kalal***, 271 Wis. 2d 633, ¶46. We conclude that it was, therefore, error for the trial court to apply the five-year mandatory minimum of § 973.123 to Grady's case.

## CONCLUSION

¶16    In sum, we conclude that the mandatory minimum sentence that was applicable to Grady's conviction for WIS. STAT. § 941.29(1m)(a) was found in § 941.29(4m), and it was error for the trial court to apply the mandatory minimum found in WIS. STAT. § 973.123 to Grady's case. Thus, Grady is entitled to

8

resentencing because of the trial court's error. Accordingly, we reverse the trial court's order denying Grady's postconviction motion, and we remand this matter to the trial court with directions to vacate Grady's sentence that is now in effect, resentence Grady consistent with this opinion, and amend the judgment of conviction accordingly.[9]

*By the Court.*—Judgment and order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[9] We note that the State asks that this court instruct the trial court to resentence Grady, applying the three-year mandatory minimum sentence provided in WIS. STAT. § 941.29(4m). However, as this court explained in *State v. Wood*, 2007 WI App 190, 305 Wis. 2d 133, 738 N.W.2d 81, "'[w]hen a resentencing is required for any reason, the initial sentence is a nullity; it ceases to exist.' In resentencing the 'court imposes a new sentence after the initial sentence has been held invalid.' … In effect, the resentencing court is starting over." *Id.*, ¶6 (citations omitted). Thus, Grady's new sentence will be imposed on the date of that sentencing hearing that will occur after July 1, 2020, and the mandatory minimum provision provided in § 941.29(4m) is not applicable because it does not apply "to sentences imposed after July 1, 2020."